Plaintiff claims under Febin Gilgo, who claimed as heir to William Gilgo, who died in 1781; and upon the sale by Febin, he said he had sold the lands which he heired as brother of the half-blood to William Gilgo. This evidence is not admissible, and the jury should not regard it; for a man, after he has sold, cannot say that which renders the sale invalid.
As to the other point, the defendant formerly exhibited a paper purporting to be a deed to himself from Febin Gilgo, and had it proved and admitted to registration, and claimed title under it when the land was about to be sold as his brother's. It is, therefore, now insisted that he
cannot, whatever the plaintiff may, deny that to have been the deed of Febin. That deed, therefore, must be taken to exist and he estopped to *Page 262 
say Febin had no title. Had he exhibited the deed in this Court, on this trial, and claimed title under it, I think he would have been estopped. Estoppels run between parties and privies. Here the plaintiff is not a party to the deed, nor is privy to it.
NOTE. — On the first point, see Arnold v. Bell, 2 N.C. 396, and the cases referred to in the note to that case, and also Askew v. Reynolds,18 N.C. 367.
On the second point, see contra, Murphy v. Barnett, 6 N.C. 251; S. c.,4 N.C. 14; Phelps v. Blount, 13 N.C. 177; Sikes v. Basnight, 19 N.C. 157;Ives v. Sawyer, 20 N.C. 51; Ross v. Durham, ibid., 54; Norwood v.Marrow, ibid., 442. But the State is not bound by an estoppel, nor is a grantee from the State estopped to deny what the State from whom he claims is at liberty to assert. Taylor v. Shufford, 11 N.C. 116; Candler v.Lunsford, 20 N.C. 407.
Cited: Headen v. Womack, 88 N.C. 471.
(293)